IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MINNESOTA LIFE INSURANCE COMPANY,

Plaintiff,

v.

BRUCE HACKMAN, individually
and as  Parent of K. S., a minor,
BROCK J.  HACKMAN, C.S., a minor,
ANGEL BELL, BRADLEY BELL, and
S. S., a minor.

Defendants.                                                  No. 12-cv-696-DRH-DGW

### JUDGMENT & MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I.   INTRODUCTION

Pending before the Court are defendants' Bruce Hackman, individually and as parent of K.S., a minor, Brock J. Hackman, and C.S., a minor ("appearing defendants"), amended request for disbursement of funds in interpleader (Doc. 50) and motion for default judgment against defendants Angel Bell, Bradley Bell, and S.S., a minor ("non-appearing defendants"), pursuant to FEDERAL RULE OF CIVIL PROCEDURE 55 (Doc. 46). For the following reasons, both motions are **GRANTED**.

### II.   PROCEDURAL HISTORY AND FACTUAL FINDINGS

1. Jurisdiction and venue are proper in this Court.

2. On June 13, 2012, plaintiff Minnesota Life Insurance Company (MLIC) filed this interpleader action (Doc. 4). This action arises from beneficiary claims in connection with certificates of insurance MLIC issued to the

now deceased Sharon Smith. Jerry Smith, deceased insured's spouse, was listed as beneficiary, with no contingent beneficiaries. The amended complaint alleges that on September 11, 2011, Jerry Smith killed Sharon Smith and then killed himself.

3. The appearing defendants, Bruce Hackman, the adoptive father of K.S., Brock J. Hackman, and C.S., are the surviving sons of Sharon Smith. K.S. is the surviving daughter of Sharon and Jerry Smith.

4. The non-appearing defendants, Angel Bell, Bradley Bell, and S.S. are Jerry Smith's surviving son and daughters.

5. MLIC received claims for benefits under Policy Nos. 33825 and 33826 from the appearing defendants, K.S., Brock J. Hackman, Bruce Hackman, and C.S. Thus, MLIC brought this action to protect itself from dual liability and receive an Order of this Court declaring and adjudging the proper beneficiary under the policy.

6. On June 30, 2012, MLIC sent Angel Bell a request for waiver of the service of summons (Doc. 29). Also on June 30, 2012, MLIC sent S.S., a minor, by and through her mother, Ginger D. Christian, a waiver request (Doc. 31). On July 20, 2012, MLIC sent Bradley Bell a waiver request (Doc. 30). All three waiver forms were returned executed (Docs. 29, 30, and 31).

7. As the initial complaint did not adequately allege diversity of citizenship, MLIC filed an amended complaint on July 20, 2012 (Doc. 8).

8. The appearing defendants timely answered the amended allegations (Docs. 11, 12).

9. To date, the non-appearing defendants have not answered or otherwise responded to this action.

10. On February 4, 2013, MLIC moved to deposit funds and for dismissal with prejudice (Doc. 27). Counsel for the appearing defendants and MLIC agreed that the amount at issue, including interest as of February 15, 2013, was $518,835.23. The Court granted MLIC's motion and allowed it to deposit the amount of $518,835.23 with the Clerk of the Court. The Court dismissed MLIC with prejudice (Doc. 36).

11. On March 19, 2013, the appearing defendants moved for and received an entry of default against the non-appearing defendants, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 55(a) (Doc. 44). The appearing defendants sent notice of the entry of default to the non-appearing defendants at their last known addresses (Doc. 45). *See* SDIL-LR 55.1(a).

12. As to the appearing defendants' instant motion for default judgment, they represent that a copy of the motion has been sent to the last known addresses of Angel Bell, Bradley Bell, and S.S. (Docs. 46, 48, and 49). *See* SDIL-LR 55.1(b).

13. The appearing defendants have no knowledge of any attorneys thought to represent the non-appearing defendants. Specifically as to S.S., counsel for the appearing defendants states he has personally spoken with S.S.'s mother and step-father and was informed that no attorney has been retained to represent S.S. in this action (Doc. 49).

### III. LAW AND APPLICATION

The appearing defendants seek default judgment against the non-appearing defendants (Docs. 46, 48, and 49). The appearing defendants request the Court adjudge that they are entitled, to the exclusion of the non-appearing defendants, to the $518,835.23 currently held by the Court. FEDERAL RULE OF CIVIL PROCEDURE 55 authorizes a party to seek a default judgment. Under this rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a). On the basis of the above findings and under the circumstances of this case, the Court feels default judgment entered against the non-appearing defendants, Angel Bell, Bradley Bell and S.S., is warranted.[1] The appearing defendants' motion for default judgment is **GRANTED** (Doc. 46).

The appearing defendants also request disbursement of funds in interpleader (Doc. 50). The appearing defendants state the non-appearing defendants, the surviving children of Jerry Smith who are not related to Sharon Smith, are not entitled to any portion of the money from the policies, pursuant to 755 ILCS 5/2-6, commonly referred to as the slayer statute. As demonstrated above, the non-appearing defendants have not asserted any claim on these funds nor filed a pleading of any kind in this action. On this basis, the appearing defendants' amended request for disbursement of funds in interpleader is **GRANTED** (Doc. 50).

---

[1] Specifically as to S.S., the Court is persuaded by the appearing defendants' brief in support of their motion for default judgment (Doc. 48) and finds S.S.'s interests have been adequately protected to allow default judgment to be entered against her.

## IV. CONCLUSION

On the basis of the appearing defendants' assertions as stated in their motions, brief, and affidavit (Docs. 46, 48, 49, and 50), and a careful review of the record, the appearing defendants' motion for default judgment (Doc. 46) and their amended request for disbursement of funds in interpleader (Doc. 50) are **GRANTED**.

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of defendants Bruce Hackman, individually and as parent of K.S., a minor, Brock J. Hackman, and C.S., a minor, and against defendants Angel Bell, Bradley Bell, and S.S. Plaintiff MLIC has been previously dismissed from this action with prejudice, pursuant to this Court's Order dated February 8, 2013 (Doc. 36).

Defendants Bruce Hackman, individually and as parent of K.S., a minor, Brock J. Hackman, and C.S., a minor, are entitled to the $518,835.23 deposited with the Court, plus any interest accruing thereon, in equal shares, pursuant to Policy Nos. 33825 and 33826 (*See* Doc. 8-1; Doc. 50-1). The Clerk is **DIRECTED** to disburse these funds to defendants Bruce Hackman, individually and as parent of K.S., a minor, Brock J. Hackman, and C.S., a minor, with the check made payable to their attorneys, Taylor Law Offices, P.C., for equal distribution. Defendants Angel Bell, Bradley Bell, and S.S., a minor, shall take nothing from this action. The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Signed this 20th day of May, 2013.

Digitally signed by David R. Herndon
Date: 2013.05.20 11:52:21 -05'00'

**Chief Judge**
**United States District Court**